UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 19-130-HRW

TONI STRUNK,                                                      PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant to discontinue her supplemental social security benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January of 2011, Plaintiff was found to be disabled under Listing 5.082 due to colon problems and having a low body mass index (BMI) of 14.7.

In a November 2016 continuing disability review, the agency determined that Plaintiff was no longer disabled due to medical improvement as of November 1, 2016 (Tr. 206-19, 234-37). This continuing disability review determination was upheld upon reconsideration (Tr. 257-63).

Thereafter Plaintiff appeared at an administrative hearing before an Administrative Law

1

Judge Jonathon Leiner ("ALJ") (Tr. 138-87). At the hearing both Plaintiff and Betty L. Hale, an impartial vocational expert ("VE") testified.

At the hearing, the ALJ performed the following eight-step sequential analysis in order to determine whether the Plaintiff's disability has ceased for the Title II claim. 20 C.F.R. §§ 404.1594.

At step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1).

If not, at step two, the Commissioner must determine if the claimant's impairments meet or equal the severity of a listed impairment. 20 C .F.R. § 404.1594(f)(2) and 416.994(b)(5)(i)).

At step three, if the impairment does not equal a listed impairment, the Commissioner inquires whether there has been a medical improvement to the claimant's impairment. 20 C.F.R. § 404.1594(f)(3) and 416.994(b)(5)(ii).

At step four, if there has been a medical improvement, the Commissioner asks whether it is related to the claimant's ability to work. 20 C.F.R. § 404.1594(f)(4) and 416.994(b)(5)(iii).

At step five, the Commissioner must determine if an exception to medical improvement applies, 20 C.F.R. § 404.1594(f)(5) and 416.994(b)(5)(iv).

If the answer to step four is yes, the Commissioner goes to step six and inquires whether all of the claimant's current impairments in combination are severe. 20 C.F.R. § 404.1594(f)(6) and 416.994(b)(5)(v).

If the answer to step six is yes, the Commissioner at step seven then asks whether the claimant has the residual functional capacity to perform any of his past relevant work activity. 20 C.F.R. § 404.1594(f)(7) and 416.994(b)(5)(vi).

Finally, at step eight, if the claimant is unable to perform past relevant work, the Commissioner determines whether the claimant can perform other work. 20 C.F.R. § 404.1594(f)(8) and 416.994(b)(5)(vii)). If the claimant is able to perform other work, the Commissioner will find that the disability has ended.

In July 2018, the ALJ issued a decision in which he determined that Plaintiff was no longer disabled as of November 1, 2016, and therefore, was no longer eligible for supplemental security income (SSI) as of that date (Tr. 47-63).

Plaintiff was 38 years old at the time of the hearing decision. She has a high school education but no past relevant work experience.

Following the eight-step analysis, the ALJ first found that Plaintiff had impairments that qualified as "severe" under the agency's regulation as of November 1, 2016, but that they did not meet or medically equal a *per se* disabling listed impairment (Tr. 52-53). Since Plaintiff's impairment did not meet or medically equal any Listing, the ALJ concluded Plaintiff had experienced medical improvement related to her ability to work (Tr. 53).

The ALJ further found that, beginning on November 1, 2016, Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, but could never climb ladders, ropes, or scaffolds; could not tolerate concentrated exposure to noise; and could not work at heights or with moving machinery (Tr. 53).

The ALJ relied on a vocational expert's testimony to find that this RFC would allow Plaintiff to perform work existing in significant numbers in the national economy, including the medium unskilled jobs of hand packager, laundry worker, and cleaner and the unskilled heavy jobs of stocking employee and farm laborer (Tr. 57; *see* Tr. 184).

3

The ALJ thus concluded that Plaintiff's disability ended on November 1, 2016 (Tr. 57-58).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).    If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.   *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.  Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not find her presumptively disabled under Listing 5.08 and (2) the ALJ did not properly assess her credibility.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not find her presumptively disabled under Listing 5.08. Plaintiff contends that the ALJ should have found her seizure disorder rendered her presumptively disabled.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant of proving presumptive disability by meeting or exceeding a Medical Listing." Plaintiff "bears the burden of proof to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992).

If the Plaintiff "can show an impairment is listed in Appendix 1 ("Listing"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical

5

findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

As Defendant points out, the correct listing for her seizure disorder is not 5.08 but 11.02. Listing 11.02 requires a showing of:

> (A) Generalized tonic-clonic seizures (seizure involving the entire body, also called a grand mal seizure) at least once a month for at least three consecutive months despite treatment; OR
>
> (B) Dyscognitive seizures (non-convulsive, also called complex partial seizure) at least once a week for at least three consecutive months despite treatment; OR
>
> (C) Generalized tonic-clonic seizures at least once every two months for at least four consecutive months despite treatment and a marked limitation in one of the areas of physical or mental functioning described at 11.00G3.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 11.02.

Plaintiff conceded that she did not experience any generalized tonic-clonic seizures since November 2013 (Tr. 157, 488, 493, 645, 651, 672). As such, she did not meet Listing 11.02(A), which requires at least one such seizure occurring at least once a month, for at least three consecutive months.

Nor did she meet Listing 11.02(C), which requires such seizures occurring at least once every two months.

With regard to her dyscognitive seizures under Listing 11.02(B), although Plaintiff claimed at the hearing that she had she had these seizures twice a week, for the past 20 years (Tr. 158), the record does not support her claim. Treatment notes show Plaintiff had seizures once in

6

May, July, and August 2016 (Tr. 488). She had two seizures in October 2016 and four in November 2016 (Tr. 493). Then she had two seizures in January 2017 and one in February 2017 (Tr. 700). Plaintiff did not report another seizure until June 2017 (Tr. 690). The record clearly establishes that Plaintiff did **not** have a dyscognitive seizure at least once a week for at least three consecutive months. Therefore, the record supports that Plaintiff is not presumptively disabled under Listing 11.02.

Plaintiff's second claim of error is that the ALJ did not properly assess her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

At the hearing, Plaintiff testified that she had experienced only one generalized tonic-clonic seizure since 2013 (Tr. 157). She claimed that she had complex partial seizures twice a week, for the past 20 years (Tr. 158), which lasted two to three minutes but did not cause her to lose consciousness or pass out (Tr. 160). Plaintiff indicated that her medications were effective in reducing the frequency and duration of her seizures (Tr. 165). She stated that she had short-term memory loss because of problems with her cerebellum related to long-term use of Dilantin (Tr. 176-75). Plaintiff testified that she could stand for eight hours at a time, sit for tour hours at a time, and lift a gallon of milk, (Tr. 168-69). She described having pain in her back and legs and said she could not climb a flight of stairs without stopping (Tr. 170). Plaintiff reported she spent

7

her days helping her mother, visiting with her cousins, and doing laundry and other household chores (Tr. 173-74).

The ALJ found that this testimony lacked credibility. First, as set forth *supra*, her testimony regarding her seizures is contradicted by the medical evidence in the record. The objective evidence establishes long periods of time in which Plaintiff did not experience seizures. As for allegations of disabling pain, she consistently told her doctors that her pain level was zero. (Tr. 448, 458, 461, 465, 467, 472, 476, 479, 482, 549, 552).

Further, Plaintiff's own testimony was inconsistent. She said she was unable to wash dishes because of an inability to stand long enough (Tr. 175), but she also said she could stand for eight hours (Tr. 168).

Finally, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a variety of daily activities, including shopping, camping and visiting relatives. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given the inconsistent and contradictory evidence, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

### III. CONCLUSION

The Court finds that the ALJ's decision that Plaintiff was no longer disabled as of November 1, 2016, and therefore, was no longer eligible for supplemental security income (SSI)

as of that date is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 13th day of August 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge